UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-30198

v.

KENYA DESHON RAY,

    *Defendant.*
                                        /

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

            XX    18 U.S.C. § 3142(f)(1).

            __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__    (3)    A period of less than five years has elapsed since

___ the date of conviction, **or**

___ Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

C. **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

D. **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___ (1) There is a serious risk that Defendant will not appear.

___ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

<u>XX</u>   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

___   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine. From review of the affidavit supporting the criminal complaint in this case, I find that there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 38 years of age. He attended college in Kansas for three years, although he did not earn a degree. He also lived in Georgia, but most recently has maintained a residence on 11th Street in Saginaw, Michigan. Defendant was married in 2008, but is currently separated and has three children. At the time of his arrest, Defendant reported that he has been self-employed since November 2011,

working for cash doing snow removal and lawn care.  His only other previous employment was work at a fast food restaurant in Georgia for 18 months.

Defendant conceded to Pretrial Services that he began using marijuana at age 12 and described himself as a daily user.  He also conceded that he has used cocaine for approximately the past 18 years.  Although he stated to Pretrial Services that his last use of cocaine was about four months ago, preliminary urinalysis testing was positive for both marijuana and cocaine.

At age 19, Defendant pleaded guilty to battery.  At age 21, Defendant pleaded guilty to possession of a sawed-off shotgun and was sentenced to probation.  The next year, Defendant pleaded guilty to possession of marijuana.  In June 1996, Defendant pleaded guilty to felony carrying a concealed weapon and was sentenced to one to five years' custody with the Michigan Department of Corrections.  Four months later, at age 23, Defendant was charged with carrying a concealed weapon, assault with intent to commit murder, felony firearm and felonious assault.  He pleaded guilty in June 1997 to carrying a concealed weapon and felonious assault.  He was sentenced to two to five years' custody on the concealed weapons charge and two to four years' custody on the felonious assault charge, to be served consecutive with the penalties for the carrying concealed weapons charge previously mentioned.  Three months later, Defendant pleaded guilty to conspiracy to deliver and manufacture under 50 grams of cocaine and was sentenced to three to twenty years' custody.  In November 2002, at age 29, Defendant pleaded guilty to delivery and manufacture of controlled substances greater than 50 grams but less than 224 grams and was sentenced to nine to twenty years' custody.  Defendant was paroled on all these charges in March 2009, and was discharged from parole in August 2010.

Review of the affidavit supporting the criminal complaint indicates that less than eighteen months after discharge from parole, Defendant was under investigation for

distribution of cocaine, with that investigation ultimately leading to the charges made in the criminal complaint.  Review of the affidavit also indicates that during the execution of a search warrant at Defendant's residence, three loaded weapons (two handguns and a shotgun) were found.  Also found were a total of approximately 36 grams of crack cocaine.

Several circuits and numerous district courts have held that continued drug dealing, such as that evidenced here, constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

As I weigh these facts under the Bail Reform Act, I first conclude that the presumption in favor of detention has not been rebutted on the evidence presented.  I next conclude that, even if the presumption in favor of detention had been rebutted, in light of Defendant's consistent pattern of criminal behavior, his apparently continued drug dealing and his relatively insubstantial economic ties to this area, there are no conditions nor any combination of conditions which would reasonably assure the safety of the community.  Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: April 4, 2012                                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this order was electronically filed this date, electronically served on Libby Dill and Steve Jacobs, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: April 4, 2012                    By     s/*Jean L. Broucek*
                                       Case Manager to Magistrate Judge Binder