**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

KENYA DESHON RAY,

        *Petitioner*,

v.

UNITED STATES OF AMERICA,

        *Respondent*.

                              /

CRIMINAL CASE NO. 12-CR-20308
CIVIL CASE NO. 16-CV-11595


DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

---

**MAGISTRATE JUDGE'S RECONSIDERED REPORT AND RECOMMENDATION**
**ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO**
**VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 19)

## I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Doc. 19)

be **DENIED**; and that the civil case be **DISMISSED**.

## II.   REPORT

### A.   Introduction

On May 11, 2012, pursuant to a Rule 11 plea agreement, Petitioner pled guilty to Count

1 of the Information charging him with possession with intent to distribute crack cocaine in

violation of 21 U.S.C. § 841(a)(1). (Doc. 12.) On September 10, 2012, judgment was entered

and Petitioner was sentenced to 188 months incarceration. (Doc. 18.) Petitioner did not file any

appeal. On May 2, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2255. (Doc. 19.) On June 21, 2016, Respondent filed a response to the

motion (Doc. 25) and on July 7, 2016, Petitioner filed a reply. (Doc. 26.) The motion was

referred to the undersigned (Doc. 22,) and is ready for report and recommendation.

**B.     Analysis and Conclusion**

Petitioner's sole asserted ground for relief is the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny. (Doc 19.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

*Johnson* marks the beginning of a wave of federal court decisions analyzing the propriety of sentencing enhancements under the ACCA and similar provisions under the sentencing guidelines. As to the sentencing guidelines, the Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016).

*Johnson* concerned the second half of the phrase under the ACCA §924(e)(2)(B)(ii), i.e., the residual clause. The residual clause follows a list of enumerated violent felonies under §924(e)(2)(B)(ii), i.e., "burglary, arson, or extortion, involves the use of explosives..." *Mathis* governs how to interpret whether a state conviction qualifies under this list of generic offenses.

In *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), the Court held that in determining whether a prior state violent felony conviction counts toward a federal sentence enhancement under the ACCA, courts must apply the categorical approach - not the modified categorical approach - where a criminal statute establishes various means for satisfying a single element. *Mathis* focuses on the portion of the same subsection of the ACCA that was not addressed by the Court in *Johnson*.

The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony conviction under the ACCA's enumerated offenses of "burglary, arson, or extortion, involves the use of explosives..." §924(e)(2)(B)(ii).

On October 26, 2016, the Sixth Circuit decided *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016). The Sixth Circuit provided a method for analyzing potential predicate convictions used under the ACCA under *Mathis* and held that a conviction under Mich. Comp. Laws §750.110, for breaking and entering a building with intent to commit a felony or larceny therein, could not qualify as a violent felony under the ACCA since its elements were broader than those of the generic enumerated offense of burglary. Therefore, the Sixth Circuit vacated Ritchey's sentence and remanded for resentencing consistent with its decision and the United States Supreme Court's decision in *Mathis*.

In the instant case, Ray stipulated to being treated as a career offender under USSG §4B1.1 because of a prior controlled substance offense, i.e., delivery or manufacture of a controlled substance in April 2003, and the "crime of violence" of assault with a dangerous weapon in July 1997. (Doc. 12 at ID 25.) The aforementioned cases do not affect use of the

controlled substance conviction. The only remaining question is whether Petitioner's

conviction for assault with a dangerous weapon (also known as felonious assault) under

Michigan law, i.e., MCL §750.82(1), still qualifies as a crime of violence under USSG §4B1.2.

      The Michigan statute criminalizes assaults "with a gun, revolver, pistol, knife, iron bar,

club, brass knuckles, or other dangerous weapon without intending to commit murder or to

inflict great bodily harm less than murder..." MCL 750.82(1). The Michigan statute requires

proof of: (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place

the victim in reasonable apprehension of an immediate battery. *People v. Avant*, 597 NW2d

864, 869 (Mich. Ct. App. 1999).

      At least one district court in the Eastern District of Michigan has held that Michigan's

assault with a dangerous weapon remains a crime of violence because it satisfies the "elements

clause" since it "has as an element the use, attempted use, or threatened use of physical force

against the person of another." §4B1.2(a)(1); *United States v. Walker*, No. 14-cr-20388, 2017

WL 131554, at *2-3 (E.D. Mich. Jan. 13, 2017)(Goldsmith, J.). In arriving at this conclusion,

the court discussed many relevant legal principles culminating in the logical statement that "an

act specifically intended to cause an apprehension of that same violent force equates to a threat

of violent force." *Id*. at *4. I suggest that Judge Goldsmith's opinion should be followed and

that Petitioner's motion (Doc. 19) should be denied.

### III.  <u>REVIEW</u>

      Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to

another party's objections within 14 days after being served with a copy." Fed. R. Civ. P.

72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950

(6th Cir. 1981). The parties are advised that making some objections, but failing to raise others,

will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any

objection must recite precisely the provision of this Report and Recommendation to which it

pertains. Not later than 14 days after service of an objection, the opposing party may file a

concise response proportionate to the objections in length and complexity. Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in

the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule

without awaiting the response.

Date:  January 19, 2017                        S/ Patricia T. Morris
                                               Patricia T. Morris
                                               United States Magistrate Judge

## <u>**CERTIFICATION**</u>

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kenya Deshon Ray #47023-039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: January 19, 2017

                                            By <u>s/Kristen Castaneda          </u>
                                            Case Manager