UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/ Respondent,        Case No. 12-cr-20308

v        Honorable Thomas L. Ludington

KENYA DESHON RAY,

        Defendant/ Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IFP ON APPEAL**

On May 11, 2012 an information was entered charging Defendant Kenya Deshon Ray with one count of possessing with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1). *See* ECF No. 9. On May 11, 2012, Ray waived his right to prosecution by indictment. That same day, Ray entered a guilty plea as to the charge pursuant to a Rule 11 plea agreement. *See* ECF No. 13. On September 6, 2012 Ray was sentenced as a career offender to 188 months' imprisonment, which was the low end of the applicable guideline range. *See* Plea Agreement p. 4, ECF No. 12. Judgment was entered on September 10, 2012. *See* ECF No. 18. Ray did not file any direct appeal.

Over three years later, on May 2, 2016, Petitioner Ray filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was rendered unconstitutional by the Supreme Court's decision *Johnson v. United States,* 135 S. Ct. 2551, 2562, 192 L. Ed. 2d 569 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague in violation of the due process clause of the Fifth Amendment). *See*

ECF No. 19. Ray's motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 22. On January 19, 2017 the magistrate judge issued her report, recommending that Ray's motion to vacate be denied. *See* ECF No. 29. The magistrate judge reasoned that *Johnson* was inapplicable to Ray's conviction and sentence because, even if *Johnson* was found applicable to the United States Sentencing Guidelines, Ray's predicate offense of assault with a dangerous weapon did not fall under the residual clause. She therefore concluded that Ray's motion was both untimely and without merit. Ray filed objections to the report on February 13, 2017. *See* ECF No. 30.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

**A.**

Through his objections, Ray first argues that the magistrate judge erred in finding *Johnson* inapplicable to his status as a career offender under the sentencing guidelines. This argument is without merit. On March 6, 2017 the Supreme Court reached a decision in *Beckles*,

holding that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). In other words, the Supreme Court definitively held that petitioners challenging their career offender status under the sentencing guidelines could not rely on the rule articulated in *Johnson*.

**B.**

Ray also argues for the first time that a controlled substance offense underlying his career offender status in not a proper predicate offense under the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) (holding that, for the purpose of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather the particular means of commission). Ray did not raise any claim under *Mathis* in his original petition. By failing to do so, and by failing to timely move to amend his petition in order to add a claim under *Mathis*, Ray waived his ability to assert such a claim through objections to a report and recommendation. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.2000) (citing *Marshall v. Chater*, 75 F.3d 1421 (10th Cir.1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").

Even so, Ray's claim under *Mathis* is time barred. A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). Ray's *Mathis* claim is not timely under § 2255(f)(1), as it was raised over one year after his judgment became final. Ray argues, however, that the claim is timely under § 2255(f)(3) because the Supreme Court in *Mathis* recognized a new right that was made retroactively applicable on collateral review. This argument is without merit.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In *Mathis*, the Supreme Court stated that the essential rule governing ACCA cases had been articulated over a quarter century ago: "All that counts under the Act, we held then, are 'the elements of the statute of conviction.'" *Id*. (citing and quoting *Taylor v. United States,* 495 U.S. 575, 598, (1990)). "Accordingly, a sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct.'" *Id.* Through this language, the Supreme Court indicated that it was *not* recognizing any new right. Furthermore, Petitioner has not identified any language making the *Mathis* holding retroactive. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (holding that a petitioner had not made a prima facie showing that *Mathis* set forth a new rule of constitutional law made retroactive to cases on collateral review). *United*

*States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases and concluding that *Mathis* did not announce a new rule).

The Fifth Circuit's decision in *United States v. Hinkle* does not compel a different result, as the court in that case was applying *Mathis* on direct appeal, not collateral attack. *See United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Moreover, *Hinkle* was decided by the Fifth Circuit Court of Appeals, not by the Supreme Court. It therefore cannot satisfy the statute of limitations requirements of § 2255(f)(3). Because the Supreme Court in *Mathis* did not recognize any new right made retroactive on collateral review, Ray's claim is time-barred.

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Because Petitioner's *Johnson* claim is indisputably without merit, and because Ray did not properly raise his *Mathis* claim before the magistrate judge, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**III.**

Accordingly, it is **ORDERED** that Petitioner Ray's objections, ECF No. 30, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 29, is **ADOPTED**.

It is further **ORDERED** that Petitioner Ray's motion to vacate, ECF No. 19, is **DENIED and DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 20, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2017.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager